IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEBORAH K. WITT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:04-0928 |
| | ) | JUDGE ECHOLS |
| METAL MOULDING CORP., et al., | ) | MAGISTRATE JUDGE BROWN |
| | ) | |
| Defendants. | ) | |

To:   The Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This case was referred to the undersigned by the Honorable Robert L. Echols, District Judge, by Order entered December 1, 2005 (Docket Entry No. 7), wherein the Magistrate Judge was directed to consider whether the claims presented in Plaintiff's complaint are malicious or frivolous under 28 U.S.C. § 1915 (e)(2), Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of the Court.

Defendant filed a motion to dismiss on June 14, 2005. (Docket Entry No. 19). Pursuant to the Court's Order of June 17, 2005 (Docket Entry No. 18), the plaintiff submitted a response to the defendant's motion to dismiss (Docket Entry No. 19) on June 28, 2005. For the reasons set forth below, the Magistrate Judge recommends that the defendant's motion to dismiss be **GRANTED** in part and **DENIED** in part**.**

## II. FACTUAL BACKGROUND

Plaintiff, Deborah K. Witt, filed two Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against her former employer, Metal Moulding Corporation. Plaintiff filed the first complaint on September 13, 2004, and the second complaint on October 8, 2004. (Docket Entry No. 19, p. 1). She complained of sex- and age-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that she had previously reported the discrimination to the human resources department at Metal Moulding and that the harassment continued after she notified supervisors. (Docket Entry No. 13, pp. 4-5). She contends that she was terminated on September 13, 2004. (Id. at p. 5). Plaintiff was not represented by counsel when she filed her first or second claims with the EEOC. Id. at p. 4. On October 21, 2004, the EEOC issued a Right to Sue letter. (Docket Entry No. 7, p. 2).

Plaintiff proceeded to file four pro se complaints with the Court, all of which were dismissed without prejudice because Plaintiff listed individual employees as defendants. (Docket Entry No. 9, p. 2). Because the named defendants were employees, not Plaintiff's official employer, Plaintiff cannot recover against them. Further, with the first and second complaints, she did not allege that she had exhausted her administrative remedies. (Docket Entry No. 6, pp.1-2). On October 25, 2004, Plaintiff filed her third amended complaint (Docket Entry No. 3) and attached documentation of the Charges of Discrimination and the Right to Sue letter obtained from the EEOC. However, Plaintiff's third and fourth complaints continued to name only individuals as defendants.

In an order entered on January 11, 2005, this Court directed appointment of counsel to represent the Plaintiff (Docket Entry No. 9, pp. 1-2), and on February 3, 2005, W. Alan Alder,

Esq., accepted appointment. (Docket Entry No. 10). Counsel filed a fifth amended complaint on March 18, 2005. (Docket Entry No.11). On April 19, 2005, this Court directed Plaintiff's counsel to file a notice of service of process within ten days. (Docket Entry No. 12). Additionally, this Court notified Plaintiff's counsel that if service of process was not obtained by May 13, 2005, dismissal under Rule 4(m) would be recommended. Id. at p.2.

On May 10, 2005, Plaintiff filed a sixth amended complaint without leave of court. (Docket Entry No. 13). In the sixth and final amended complaint, Plaintiff alleged employment discrimination based on sex, retaliatory discharge, intentional infliction of emotional distress, and civil conspiracy. Id. at pp. 5-8. As Plaintiff subsequently agreed to abandon her claims of intentional infliction of emotional distress and civil conspiracy (Counts V and VI of the sixth amended complaint), the Court need not address those claims in this memorandum. (See Docket Entry No. 19).

On June 14, 2005, Defendant filed a Motion to Dismiss. (Docket Entry No. 17, pp. 5-11). First, Defendant urges this Court to dismiss Plaintiff's claims because Plaintiff has failed to comply with a court order. Id. at p. 5. Second, Defendant asserts that this Court does not have subject matter jurisdiction because the claims alleged in Plaintiff's sixth amended complaint do not "arise out of" Plaintiff's EEOC charges. Id. at pp. 7-9. In Plaintiff's response, she points out the harshness of dismissing a claim due to failure to comply with a court order. (Docket Entry No. 19, pp. 2-3). Additionally, Plaintiff maintains that the claims alleged in the most recent complaint do arise from the claims she had previously filed with the EEOC. Id. at pp. 3-5. For reasons set forth below, the undersigned concludes that Defendant's motion to dismiss should be granted for lack of subject matter jurisdiction with respect to the sexual discrimination claim and denied with respect to the retaliatory discharge claim.

### III. ANALYSIS

**1. Plaintiff's failure to comply with court order**

A court considers four factors when considering whether to grant a motion to dismiss under Rule 41(b): (1) "whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc., 173 F.3d 988, 992 (6th Cir. 1999) (citing Stough v. Mayville Cmty. Sch., 138 F.3d 612, 615 (6th Cir. 1998)); Harmon v. CSX Transp., Inc., 110 F.3d 364, 366-67 (6th Cir. 1997).

The Sixth Circuit stated in Carter v. City of Memphis: "The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court would order only in extreme situations showing 'a clear record of delay or contumacious conduct by the Plaintiff.'" Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980) (citing Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978)); Buck v. U.S. Dept. of Agric., 960 F.2d 603, 607-608 (6th Cir. 1992). In Buck, the Sixth Circuit pointed out that it was reluctant to uphold a dismissal that served to sanction attorney fallibility because doing so robs the client of his day in court. Buck, 960 F.2d at 608 (citing Shepard Claims Serv. v. William Darah & Assoc., 796 F.2d 190, 195 (6th Cir. 1986)). Further, the Sixth Circuit explained in Buck that when counsel "moves quickly to cure the delinquency, this Court is more likely to give the non-complying party another chance, even when no excusable neglect is found." Buck, 960 F.2d at 609 (citing Fuller v. Quire, 916 F.2d 358 (6th Cir. 1990)).

In the present circumstance, Plaintiff did not choose her own counsel; rather, the court

appointed counsel to assist her.  (Docket Entry No. 9).  Plaintiff had filed four insufficient complaints prior to the appointment of an attorney.  Further, counsel's failure to comply does not appear to be due to willfulness or bad faith.  Apparently, Plaintiff's counsel was mistaken about the date of filing the fifth amended complaint, the date of advising the Court on the status of service of process, and the requirement that counsel seek leave of court to file a sixth amended complaint.  (Docket Entry No. 19, p. 2). While Plaintiff's counsel claims that there was no warning that failure to comply with a court order would result in dismissal, in an Order dated April 19, 2005, the Magistrate Judge warned counsel that failure to notify the Court of service of process would lead to a recommendation of dismissal under Rule 4(m).  (Docket Entry No. 12; Docket Entry No. 19, p. 3).   However, no lesser sanctions have been imposed for prior indiscretions, and counsel has since remedied the noncompliance.

Because counsel's failure to comply was not due to bad faith or willfulness, the adversary was not prejudiced by the delay or noncompliance (counsel reduced the number of defendants), and no lesser sanctions have been imposed, dismissal based solely on Rule 41(b) is not appropriate.  Therefore, the Magistrate Judge concludes that Plaintiff's complaint should not be dismissed for counsel's failure to comply with a court order.

### 2. Subject Matter Jurisdiction

Upon the filing of a motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(1), the plaintiff bears the burden of showing that the court does in fact have subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986).

Under Title VII, before a plaintiff may involve the jurisdiction of a federal court to consider a claim of employment discrimination, he or she must first exhaust administrative

remedies. Ang v. Proctor & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991) (citing Love v. Pullman Co., 404 U.S. 522 (1972)). To exhaust, a claimant must file a charge of discrimination with the EEOC. Ang, 932 F.2d at 545 (citing Lowe v. City of Monrovia, 775 F.2d 998, 1003 (9th Cir. 1985)). Claims subsequently alleged in a judicial complaint are restricted to "the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004); Weigel v. Baptist Hosp. of East Tennessee, 302 F.3d 367, 380 (6th Cir. 2002); Ang, 932 F.2d at 545. While claims in the judicial complaint are limited to the scope of the EEOC filing, the Sixth Circuit has stated that the complaint does not have to be "tied to the four corners of the one-page form document under all circumstances." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 832 (6th Cir. 1999). A charge of discrimination reported to the EEOC is sufficient to support district court jurisdiction over a more detailed complaint if the charge identifies the parties and incidences. 29 C.F.R. § 1601.12(b), 63 FR 36128, Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998).

Courts liberally construe charges filed with the EEOC. The Sixth Circuit has recognized that EEOC charges are often filed by lay persons lacking legal knowledge and assistance of counsel. Davis, 157 F.3d at 463; Tipler v. E.I duPont deNemours & Co., 443 F.2d 125, 131 (6th Cir. 1971). Thus, it is not necessary that a claimant attach legal conclusions to charges made with the EEOC or that the wording used in the EEOC charge exactly match the wording used in the judicial complaint. Pearison v. Pinkertons, Inc., 2002 WL 32060142 at *5 (E.D. Tenn. 2002).

Nonetheless, there must be consistency in the charge and the complaint. For example, in Lauro v. Tomkats, Inc., 9 F.Supp. 2d 863, 869 (M.D. Tenn. 1998), this Court stated that while

EEOC charges are to be liberally construed, the plaintiff could not allege incidents of discrimination that occurred before the date of the first alleged instance of discrimination reported to the EEOC. Further, the Sixth Circuit has held that in cases where a plaintiff alleges particular instances of discrimination in a complaint to the court, the plaintiff first must have specifically included those claims in the EEOC charge. Vinson v. Ford Motor Co., 806 F.2d 686, 688 (6th Cir. 1986). Further, in Casillas v. Federal Express Corp., 140 F.Supp. 2d 875, 882 (W.D. Tenn. 2001) (citing Vinson, 806 F.2d at 688), the court stated that a "plaintiff is expected to specify each event which he or she feels was a result of unlawful discrimination."

### A. Plaintiff's Claim of Sex Discrimination

In the present case, Plaintiff filed her first charge with the EEOC on September 13, 2004. In this charge, she alleged that she had been harassed sexually and racially. She checked the box marked "sex." In her comments to the EEOC, she stated that she had no problems until June 2004. However, in the same charge, she said that the discrimination started on August 30, 2004, and continued until September 10, 2004. The sixth amended complaint reveals further discrepancy, as Plaintiff alleges that the sexual harassment had been present "from the time Witt worked for Metal Moulding" (October 13, 2003). (Docket Entry No. 13, p. 2).

The differences in dates of alleged discrimination are not the only discrepancies between Plaintiff's judicial complaint and her EEOC charges. In the first charge, Plaintiff complained of harassment about medication, harassment about music that she listens to, and sexual comments made by a coworker in her car. Many of the sexually graphic factual incidents of harassment described in Plaintiff's complaint with the Court are not described in her EEOC charge. Plaintiff named only "Mark", "Wayne", and "Melinda" in the EEOC charge, whereas in the sixth amended complaint she names many other individuals.

While Plaintiff points out that a lay complainant should not be deprived of bringing a suit because of failure to "attach the correct legal conclusions to the EEOC claim, conform to procedural technicalities or include the exact wording which might be required in a judicial pleading," Duggins, 195 F.3d at 833 (quoting Davis, 157 F.3d at 463), a claimant is expected to at least articulate the factual instances of which he or she is complaining. Vinson, 806 F.2d at 688 (stating that it is not an "unjustifiable burden" to require claimants to specify events supporting the discrimination alleged); see Casillas, 140 F.Supp. at 882 (stating that "Plaintiff's layperson status has little impact on his ability to articulate the reasons why he thinks Defendant acted unlawfully").

While courts liberally construe EEOC charges and do not insist that the charges be identical to judicial complaints, there must be some overlap between charges and complaints. Davis, 157 F.3d at 463; Pearison, 2002 WL 32060142 at *5; Lauro, 9 F.Supp. 2d at 869. In this case, Plaintiff checked "sex" discrimination in the EEOC charge and described sexual comments made by a co-worker, Mark. As pointed out by the Defendant, the court in Lauro reiterates that any instances of discrimination not alleged in the EEOC charge are not permissible in the complaint. Lauro, 9 F.Supp.2d at 869 (citing Vinson, 806 F.2d at 688). As such, the claims that Plaintiff is permitted to allege in her complaint should be restricted to those instances involving Mark. The only hints of sex-based discrimination that Plaintiff provides in her EEOC charge are incidents involving Mark (describing "sexual comments" that Mark made). Plaintiff implies that Mark made sexual comments at work, saying in her charge that she had told Mark that she "would like to be left alone to do (her) job" and mentioning that there had been disciplinary measures taken at work to prevent future encounters between Plaintiff and Mark.

Based on the inconsistencies between the instances of discrimination found in the EEOC

charge and the complaint filed with the Court, Plaintiff's complaint should be restricted to those instances of discrimination involving Mark. The only overlap between Plaintiff's EEOC charge and complaint occurs in the instances describing sex-based discrimination from Mark. The instances of discrimination involving other co-workers are not mentioned in the EEOC charge and are thus barred from the complaint. The graphic instances of sexual harassment alleged in Plaintiff's sixth amended complaint are not reflected in the EEOC charge. While a plaintiff's allegations in the EEOC charge may be somewhat vague or general in comparison to those in the complaint, the claims in the complaint must be "like or related" to those in the EEOC charge. Caldwell v. ServiceMaster Corp., 966 F.Supp. 33, 49 (D. D.C. 1997); Pickney v. Am. Dist. Tel. Co., 568 F.Supp. 687, 690 (E.D. Ark. 1983). The explicit factual instances outlined in Plaintiff's sixth amended complaint are aimed at many individuals, whereas in the EEOC charge, they are limited to Mark. In light of this, what Plaintiff may allege in her complaint should be limited to incidents involving Mark. Vinson, 806 F.2d at 688; Lauro, 9 F.Supp. 2d at 869.

For the foregoing reasons, the Magistrate Judge concludes that Defendant's motion to dismiss Plaintiff's claim of sexual discrimination for lack of subject matter jurisdiction should be granted with the exception of those claims specifically involving Mark.

**B. Retaliatory Discharge**

Retaliation claims naturally arise from underlying substantive claims of discrimination, thus alerting the defendant to a possible retaliation claim. Weigel, 302 F.3d at 380; Duggins, 195 F.3d at 833. Claims of retaliatory discharge often arise after the claimant has filed an EEOC charge for a different kind of discrimination. Ang, 932 F.2d at 547. Therefore, retaliation claims are often exceptions to the general rule that in order to raise a claim in federal court, a plaintiff must have first exhausted administrative remedies. Id. at 546-47; Abeita v. TransAmerica

Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1998). In Ang, the Sixth Circuit reasoned that when a retaliation claim arises from another claim of discrimination, it is more efficient to permit a claimant to raise the retaliation claim without having raised it before the EEOC than to require double filing with the EEOC. Ang, 932 F.2d at 547.

On the other hand, when retaliatory conduct occurs *before* the plaintiff files his or her charge with the EEOC, then plaintiff is expected to allege retaliation in that EEOC charge. Id.; Strouss v. Michigan Dept. of Corrections, 250 F.3d 336, 342 (6th Cir. 2001); Abeita, 159 F.3d at 254. In other words, if plaintiff is fired before filing any EEOC charge but expects that the termination was in some way retaliatory, then when the plaintiff does file a charge with the EEOC, he or she must report the suspected retaliation to the EEOC.

In the present case, Plaintiff filed her first charge with the EEOC on September 13, 2004, also the date of her termination. It is not clear whether Plaintiff filed this first charge before or after her termination. In her complaint, Plaintiff does not assert that she filed her first EEOC charge before her termination. (Docket Entry No. 13, p. 7). The timing of each is not crucial, but it seems most logical that Plaintiff filed the first charge with the EEOC, was terminated from her job, and then filed her second charge with the EEOC. In the second charge, Plaintiff implies a retaliation claim.

Plaintiff did not check the "retaliation" box in either the first or second EEOC charges. However, this is not determinate of whether she may claim retaliation in her complaint. Plaintiff states in her second charge with the EEOC, "During my employment with the company I complained of being treated unfairly by co-workers. No action was taken in regards to my complaints. On September 13, 2004, ... I was called into the office and discharged. I did not do anything to be discharged." With these statements, Plaintiff implies that she was discharged in

retaliation for her complaints and opposition to unfair treatment.  Neglecting to mark the box marked "retaliation" is not fatal to Plaintiff's claim when she made statements in the comments box that imply a charge of retaliation.  See Dixon, 392 F.3d at 217-18 (finding that despite the fact that the plaintiff did not mark the "retaliation" box, he alleged sufficient facts in the EEOC complaint for his retaliation claim to survive a motion for dismissal or summary judgment).

Plaintiff's factual allegations in the second EEOC charge imply retaliation.  It is reasonable that a claim of retaliation would grow out of the comments made in that EEOC charge.  Although it is not clear that Plaintiff was terminated after filing her first EEOC charge and before filing her second charge, this order seems most logical.  There is no mention in the first EEOC complaint that Plaintiff had yet been fired.  On the other hand, in the second charge, Plaintiff implies retaliation and lists the dates of discrimination as starting and ending on September 13, 2004, the date of her termination.   Therefore, the Magistrate Judge concludes that Plaintiff was implicitly raising a retaliatory discharge claim in her EEOC charge.  Thus, she has administratively exhausted this issue, and the Court has subject matter jurisdiction to address it.  Defendant's motion to dismiss based on lack of subject matter jurisdiction for the retaliation claim should be denied.

## IV.     RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that the Defendant's motion to dismiss pursuant to F.R.C.P. Rule 12 (b)(1) be **GRANTED** in part and **DENIED** in part.  As the Plaintiff has not exhausted her administrative remedies with respect to all of the specific sex-based discrimination claims in her complaint, Counts I and II of the Sixth Amended Complaint should be dismissed with exception provided for allegations aimed at "Mark."  Counts III and IV, involving alleged retaliation, are sufficiently supported by Plaintiff's EEOC filings, and

therefore should not be dismissed for lack of jurisdiction. In Plaintiff's response to Defendant's motion to dismiss, Plaintiff omitted any reference to Counts V and VI. (Docket Entry No. 19). At oral argument, counsel for Plaintiff confirmed that Plaintiff did not oppose dismissal of Counts V and VI. Thus, these counts should be dismissed.

Under Rule 72 of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**Entered** this  9th  day of August, 2005.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge