UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEBORAH K. WITT,                    )
                                    )
          Plaintiff,                )    CONSOLIDATED
                                    )    Nos. 3:04-0928
     v.                             )         3:04-1064
                                    )    Judge Echols
METAL MOULDING CORP., *et al.*,     )
                                    )
          Defendants.               )

MEMORANDUM

Pending before the Court is the Report and Recommendation ("R & R") (Docket Entry No. 21), proposing that the Court grant in part and deny in part Defendants' Motion to Dismiss (Docket Entry No. 16). The Plaintiff has filed one objection (Docket Entry No. 23), and Defendants have filed two objections (Docket Entry No. 22).

I.   FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This is a consolidated employment discrimination action which was originally filed *pro se* by the Plaintiff. In her Sixth Amended Complaint (Docket Entry No. 13),[1] Plaintiff alleges she was subjected to sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e (Count I) and the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.* (Counts II) and that her employment was terminated in

_____

[1]Although Plaintiff was ordered to file all future pleadings with the consolidated case caption, Plaintiff's Fifth Amended Complaint and all subsequent filings have not incorporated the consolidated case caption as directed. (See Docket Entry Nos. 7, 11).

1

retaliation for engaging in statutorily protected activity, also in violation of Title VII (Count III) and the THRA (Count IV).[2] Additionally, Plaintiff brings state common law claims for the intentional infliction of emotional distress (Count V) and for civil conspiracy (Count VI). The facts alleged in Plaintiff's Complaint, as well as the procedural history, are adequately set forth in the R & R at pages 2-3. The Magistrate Judge recommends that the Court dismiss Plaintiff's common law claims for emotional distress and civil conspiracy[3] and limit Plaintiff's sexual discrimination claims to those against "Mark," because he is identified as the perpetrator in Plaintiff's EEOC charges.

## II. STANDARD OF REVIEW

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments,

---

[2]Plaintiff's Sixth Amended Complaint is brought against only Defendants Metal Moulding, Terry Majors, and James D. Parrish. The claims against the remaining Defendants were abandoned and those Defendants have been dismissed.

[3]These state law claims are dismissed because Plaintiff "agreed to abandon her claims of intentional infliction of emotional distress and civil conspiracy (Counts V and VI of the Sixth Amended Complaint)[.]" (Docket Entry No. 21 at 3). Plaintiff's intention to abandon those claims was confirmed at the hearing before the Magistrate Judge. (Id. at 12).

2

either oral or written, as the District Judge may desire."
L.R.M.P. 9(b)(3).  Fed.R.Civ.P. 72(b).

### III.  ANALYSIS

#### A.  Plaintiff's Objection

Plaintiff objects to the R & R insofar as it limits her claims of sex discrimination and harassment under Counts I and II to claims against "Mark."  This objection will be sustained.

As the Magistrate Judge noted, before a Plaintiff may invoke the jurisdiction of a federal court under Title VII, she must exhaust her administrative remedies by filing a charge of discrimination with the EEOC.  (Docket Entry No. 21 at 5-6.)  In this case, Plaintiff filed two charges with the EEOC.  A fair reading of the charges suggests that Defendants should have been put on notice that Plaintiff was complaining about harassment not only by "Mark," but also by other employees at Metal Moulding as well.

In the first Charge of Discrimination filed with the EEOC on September 13, 2004, Plaintiff checked the box marked "sex" and alleged that she had "been harassed both sexually and racial [sic]."  (Docket Entry No. 1 in Case No. 3:04-1064.)[4]  The focus of that charge is on allegations that "Mark" had harassed the Plaintiff by making sexual comments, although the charge also alleged that "Melinda" had harassed the Plaintiff about

---

[4]By Order entered December 1, 2004, Case Numbers 3:04-0928 and 3:04-1064 were consolidated with the former being the lead case. (Docket Entry No. 7 in Case No. 3:04-0928).

3

prescription drugs, and "Wayne" had made threats on her life.
(Id.)

In the second Charge of Discrimination filed on October 13,
2004, shortly after Plaintiff's termination, Plaintiff's
allegations are broader and more general. After checking the boxes
for "age" and "sex" discrimination, Plaintiff alleges that during
her employment with Metal Moulding, she had "complained of being
treated unfairly by co-workers" and that no actions were taken
regarding those complaints. (Id.) Plaintiff further claimed that
"[y]ounger, male co-workers ha[d] harassed h[er] and other
workers[.]" (Id.)

The Magistrate Judge focused on the allegations against "Mark"
and concluded that dismissal should be granted with respect to all
of Plaintiff's sex discrimination/harassment claims, except insofar
as they related to "Mark." Upon de novo review, the Court finds
that limiting the claims of sexual discrimination to the alleged
actions taken solely by "Mark" is too narrow a reading of the EEOC
charges.

"The purpose of filing a charge of discrimination is to
trigger the investigatory and conciliatory procedures of the EEOC
so that the Commission may first attempt to obtain voluntary
compliance with the law." Davis v. Soexho, Cumberland Coll.
Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998). "These investigatory
and conciliatory procedures notify potential defendants of the
nature of plaintiffs' claims and provide them the opportunity to
settle the claims before the EEOC rather than litigate them." Id.

4

"Recognizing that charges are frequently filed by lay complainants who are unfamiliar with formal pleading requirements, courts will also review any additional claims that 'can reasonably be expected to grow out of the EEOC charge.'" Young v. Daimler Chrysler Corp., 52 Fed. Appx. 637, 639 (6th Cir. 2002)(quoting, Davis, 157 F.3d at 463). "For a charge to grow out of an ensuing investigation, the plaintiff's EEOC charge must, at a minimum, relate *facts* that would prompt the EEOC to consider or investigate other forms of discrimination." Id. (emphasis in original). Hence, "a judicial complaint must be limited to 'the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination,' [and] not . . . tied to the four corners of the one-page form document under all circumstances." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 832 (6th Cir. 1999)(quoting Ang v. Procter & Gamble Co., 932 F.3d 540, 545 (6th Cir. 1991)).

Generally, the parameters of an EEOC charge in relation to a subsequent complaint filed in federal court are examined in terms of the type of *claim* filed. See, Young, 52 Fed. Appx. at 639-40 (where charge explicitly limited allegations to age discrimination, Plaintiff could not sue for race discrimination in federal court); Duggins, 195 F.3d at 832-33 (retaliation claim survived even though Plaintiff failed to check box for retaliation on charge since plaintiff alleged she was passed over for promotion and improperly reprimanded and since retaliation naturally grows out of underlying substantive discrimination charge); Davis, 157 F.3d at 463-64 (where Plaintiff alleged race discrimination and retaliatory

5

discharge in EEOC charge, she could not allege age discrimination in subsequently filed judicial complaint); Anq, 932 F.3d at 545 (holding that race discrimination claim was precluded where plaintiff failed to check the appropriate box on EEOC charge and failed to allege race discrimination in the factual statement).  In this case, there is no question that a claim for sex discrimination in the form of harassment is clearly alleged.  In other words, by way of her present Complaint, Plaintiff is not seeking to expand the types of claims asserted in her EEOC charges.

This Court finds that Plaintiff's EEOC charges, taken together, were sufficient to put both the EEOC and Metal Moulding on notice that she was claiming harassment in the work place and that the harassment was not limited solely to claims against "Mark."  While the first charge focuses on "Mark," there is also a claim of harassment against Melinda (albeit related to prescription medicine), a claim that Plaintiff's life was threatened by "Wayne," claims about the company employing family members "who don't like new faces," and claims about harassment related to the music Plaintiff listened to.  Moreover, in the second charge, Plaintiff claims that she "complained of being treated unfairly by co-workers," and that "co-workers" had "harassed" her and others.

Since "the administrative complaint should be liberally construed to encompass all charges 'reasonably expected to grow out of the charge of discrimination,'" Haithcock v. Frank, 958 F.3d 671, 675 (6th Cir. 1992)(quoting EEOC v. Bailey Co., 563 F.2d 439, 446 (6th Cir. 1977)), Plaintiff's claim that she was harassed by co-

6

workers necessarily implies that the harassment came not only from "Mark" but from others as well. This is particularly so because in the first charge Plaintiff claims that her problems first began in June 2004,[5] yet a fair reading of the charge reveals that the problems with "Mark" did not occur until some time towards the end of August 2004. Since a solicitous reading of the charges before the EEOC confirms that the allegation of sexual discrimination and harassment involved more than "Mark," Plaintiff's objection to the R & R will be sustained.

**B. Defendants' Objections**

Defendants present two objections to the R & R. Defendants first assert that, while implicit in the R & R, the Magistrate Judge never directly recommended that the individual Defendants, Terry Majors ("Majors") and James D. Parrish ("Parrish"), be dismissed even though Plaintiff never argued against their dismissal and apparently conceded dismissal of those Defendants was appropriate at the hearing on the Motion to Dismiss before the Magistrate Judge. (Docket Entry No. 22 at 2).

Regardless of whatever concessions Plaintiff may have made at the hearing before the Magistrate Judge, it is clear that her claims against Majors and Parrish under Title VII fail. "The law is clear in this circuit that individual liability may not be

---

[5]The Court recognizes that in the box indicating the time frame during which the alleged discrimination took place, Plaintiff identified the period as being from August 30, 2004 until September 10, 2004. However, the charge, read as a whole, encompasses a time frame longer than that, and certainly from at least June 2004 onward.

7

imposed on an employee, provided that the employee himself cannot be classified as an 'employer,' under Title VII." <u>Bangas v. Potter</u>, 2005 WL 1901825 at * 2 (6th Cir. 2005)(citing <u>Wathen v. General Elec. Co.</u>, 115 F.3d 400, 405 (6th Cir. 1997). Here, neither Majors nor Parrish can be deemed employers since the employer is identified in both the charge and Sixth Amended Complaint as Metal Moulding and Major and Parrish are merely alleged to be agents of Metal Moulding. (Docket Entry No. 13 at ¶¶ 4-6).[6]

Plaintiff's claims under the THRA against Defendants Majors and Parrish are also subject to dismissal. While the THRA is generally coextensive with Title VII, individual liability is not absolutely precluded under the THRA. Nevertheless, in order to impose liability under the THRA, an employee must show that the individual sought to be held accountable "knew that his companions' conduct constituted a breach of duty, and that he gave substantial assistance or encouragement to them in their acts." <u>Carr v. United Parcel Serv.</u>, 955 S.W.2d 832, 835 (Tenn. 1997), *overruled on other grounds*, <u>Parker v. Warren County Util. Dist.</u>, 2 S.W.3d 170 (Tenn. 1999). "Liability requires affirmative conduct by the individual defendant; a failure to act or mere presence during the employer's discrimination is insufficient." <u>McNeail-Tunstall v. Marsh</u>, 305 F.Supp.2d 955, 974 (W.D. Tenn. 2005).

---

[6]Moreover, both Majors and Parrish would be subject to dismissal because the Court would have no jurisdiction over either of those Defendants. Neither was named as an employer in the EEOC charges and hence Plaintiff has failed to exhaust her administrative remedies with respect to those Defendants. <u>See</u> <u>Bangas</u>, 2005 WL 1901825 at 2.

Case 3:04-cv-00928   Document 24   Filed 12/07/05   Page 8 of 10 PageID #: 51

In this case, Plaintiff does not come close to alleging accomplice liability with respect to either Majors or Parrish. All she alleges is that she complained to both about the harassment she was receiving and nothing was done. (Docket Entry No. 13 ¶¶ 17-18.)[7] This is insufficient and accordingly Defendants' objection will be sustained and those individual Defendants will be dismissed.

Finally, Defendants object to the Magistrate Judge's recommendation regarding the retaliation claims (Counts III and IV) on the grounds that, unlike the sexual harassment claims, it is not likewise recommended that the claims for retaliation be limited to the allegations regarding "Mark." To conclude otherwise, Defendants assert, would allow Plaintiff to "resurrect the other allegations of sexual harassment" through her retaliation claims. (Docket Entry No. 22 at 2). However, this Court has determined that the sexual discrimination and harassment claims should not be solely limited to the allegations against "Mark." Accordingly, this objection will be overruled.

## IV. CONCLUSION

For the foregoing reasons, the R & R (Docket Entry No. 21) will be accepted in part and rejected in part. It will be accepted with respect to the recommended dismissal of Counts V and VI and

---

[7]Plaintiff also alleges that Majors and Parrish are agents of Metal Moulding. (Docket Entry No. 13 ¶¶ 29 & 39.) However, merely being an agent of the employer is not enough to impose individual liability under the THRA. Steele v. Superior Home Health Care of Chattanooga, 1998 WL 783348 at *2 (Tenn.Ct.App. 1998).

with respect to the recommended denial of the Motion to Dismiss as to Counts III and IV of Plaintiff's Sixth Amended Complaint. The Magistrate Judge's recommendation that Counts I and II be limited solely to sexual discrimination and harassment claims against "Mark" will be rejected. Plaintiff's Objection (Docket Entry No. 23) will be sustained. Defendants' Objections (Docket Entry No. 22) will be sustained in part and overruled in part. Plaintiff's claims for the intentional infliction of emotional distress and for civil conspiracy (Counts V & VI of the Sixth Amended Complaint, Docket Entry No. 13) will be dismissed with prejudice. Her claims against the individual Defendants Majors and Parrish will likewise be dismissed with prejudice.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE